IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

THEODORE DAVID MENUT,

    Plaintiff,

vs.                                         CASE NO. 4:15cv169-RH/CAS

TENA M. PATE,
BERNARD R. COHEN, SR.,
and MELINDA N. COONROD,

    Defendants.
_____/

## SECOND REPORT AND RECOMMENDATION

United States District Judge Robert Hinkle adopted the Report and Recommendation, ECF No. 29, entered in this case, granting the motion to dismiss in part. ECF Nos. 33, 35. Plaintiff was, however, permitted to file a second amended complaint if he believed there was a basis to do so and he could name a specific "person" who was properly named as a Defendant under 42 U.S.C. § 1983. ECF Nos. 39, 33. Specifically, Plaintiff was permitted to bring a due process claim based on his assertion that the Commission knowingly relied "on false information in making parole decisions." ECF No. 29 at 10 (citing <u>Thomas v. Sellers</u>, 691 F.2d 487, 489

(11th Cir. 1982) (stressing that "absent flagrant or unauthorized action by a parole board the discretionary power vested in a parole board will not be interfered with by the Federal courts."); Monroe v. Thigpen, 932 F.2d 1437 (11th Cir. 1991) (holding that a state parole board's admitted use of false information was arbitrary and capricious and constituted a violation of the Due Process Clause)).

The second amended complaint [hereinafter "complaint"] was timely filed, ECF No. 37, and has been reviewed as required by 28 U.S.C. § 1915A. Plaintiff alleges that he was convicted of first degree murder in 1982 and is serving a parole eligible sentence. ECF No. 37 at 5. The three named Defendants (Tena Pate, Bernard Cohen, and Melinda Coonrod) are alleged to be Commissioners on the Florida Commission on Offender Review and charged with establishing Plaintiff's presumptive parole release date (PPRD). Id. Plaintiff asserts that on October 31, 2012, Defendants incorrectly calculated the PPRD. He contends the Defendants "were deliberately indifferent to the incorrect information being used to determine [his] salient factor score." Id. He claims Defendants knowingly used incorrect information concerning his prior convictions. Id. at 5-6. Specifically, Plaintiff alleges Defendants determined his salient factor score

by the inclusion of "incorrect information" indicating Plaintiff had 1 or 2 prior convictions, one of which occurred at age 17 or younger. *Id.* at 6. Plaintiff also alleges he did not attempt to conceal evidence by ditching a rifle into water. *Id.* Additionally, Plaintiff states that utilization of that "untrue information" resulted in the incorrect calculation of his PPRD which erroneously determined that the 900 month sentence should begin on February 3, 1989. *Id.*

Plaintiff's complaint once again presents conclusory allegations. Plaintiff does not provide any explanation to show why any of those facts are false. More importantly, Plaintiff provides no facts which demonstrate how or why any named Defendant knew that any of the information was "false." Plaintiff's complaint makes bald assertions, unsupported by specific facts, which is insufficient to state a claim.

Additionally, judicial notice should be taken of the record submitted in this case which supports finding that Plaintiff's complaint is insufficient. The Commission previously submitted a copy of the relevant October 31, 2012, Action Form which established Plaintiff's PPRD as February 3, 2064. ECF No. 23-2 (Ex. B). One of the aggravating factors listed by the Commission was: "In an attempt to conceal evidence, the vehicle used in

the homicide was put into a crusher; and the Rifle being ditched into the water." ECF No. 23-2 at 19.  The Commission added 120 months for that factor which was noted to be based on an "Affidavit."  *Id.*

Also provided in this record is a copy of the court order denying Plaintiff's petition for writ of mandamus filed in state court.  ECF No. 23, Ex. C.  Judicial notice is taken of that order in which the state circuit court found that when Plaintiff was approximately 24 years of age, he admitted to a prior armed robbery conviction for which he served three months in the Pompano Detention Center at age 17.  ECF No. 23, Ex. C (ECF No. 23-2 at 4).  The court noted that the "time of his admission to a past criminal history" was "in greater temporal proximity to the age at which it happened" than his denial nearly 40 years later.  *Id.*

The state court denied the petition for writ of mandamus, and Plaintiff filed a petition for writ of certiorari in the Florida First District Court of Appeal.  ECF No. 23, Ex. D (ECF No. 23-4).  Plaintiff argued that he was only "held 3 days for investigation for armed robbery and released without being charged."  *Id.* at 3.  He challenged the Commission's reliance on a "Post Sentence Investigation and Admission and Classification Summary, without other supporting evidence of a prior criminal record."  *Id.* at 4.  He

contends he did not have a prior criminal record and the "PPRD should not be determined on an erroneous report." *Id.* at 4-5. The First District Court of Appeal denied the petition for writ of certiorari on the merits. ECF No. 23, Ex. E (ECF No. 23-5). That history is noted because it demonstrates the fatal flaw in Plaintiff's complaint - he has not shown the Commissioners knowingly relied on false information because that information was accepted by two Florida courts as true. Plaintiff may dispute the veracity of the information, but he does not demonstrate the basis for his due process claim.

Additionally, the state court held that Plaintiff "was aware and acquiesced" in the ditching of the rifle in 300 feet of water by Plaintiff's friend, Jessie Ziebenhagen, who admitted to being offshore for lobster fishing in an affidavit. ECF No. 23, Ex. C (ECF No. 23-2 at 7). Notably, the Commission Action Form does not specifically assert that Plaintiff, himself, ditched the rifle in water. Rather, the event as relative to the underlying crime is noted as an aggravating factor. Plaintiff has argued in his prior petitions that he did not dispose of the rifle. He argued that using an incident which was committed by another person to aggravate his sentence based on the belief that Plaintiff knew what was happening is mere

speculation.  ECF No. 23, Ex. D (ECF No. 23-4 at 11-13).  He argued that relying on his supposed knowledge "does not satisfy the competent and persuasive evidence standard . . . ."  Id. at 13.  The problem with that argument is that it does not support Plaintiff's due process claim.  Again, he argues that the finding is disputed.  But a dispute about information does not support a claim under Monroe v. Thigpen that the Commissioners relied on "false information."

Additionally, the Action Form states: "Time Begins: 02-03-1989." ECF No. 23-2.  Plaintiff contends that is wrong, but he does not explain why.  ECF No. 37 at 6.  More importantly, Plaintiff does not allege how or why the named Defendants knew the date was wrong.

Because Plaintiff's complaint is insufficient to state a plausible, viable due process claim, it should be dismissed.  Plaintiff's conclusory allegations devoid of any factual support are not entitled to the assumption of truth.  Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, ECF No. 37, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and

Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on May 13, 2016.

    s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**